lscop 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-142-CV





LAWYERS SURETY CORPORATION,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 484,947, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 





 Lawyers Surety Corporation ("LSC") appeals from the trial court's order
granting the State's motion for summary judgment in a tax bond case. The State of Texas was
awarded almost $42,000.00 for gasoline and diesel fuel taxes, plus penalties, interest, and
attorney's fees. We will reverse the trial court's judgment and remand for further
proceedings.



 BACKGROUND


 LSC issued two bonds as surety to the State of Texas for the Joe G. Tarrant Oil
Company. These bonds are for state gasoline and diesel fuel taxes as mandated by the Texas
Tax Code. See Tex. Tax Code Ann. §§ 153.116, 153.218 (1982). The taxes remained unpaid
so the State filed suit against LSC as surety for the bonds. After filing suit, the State moved
for summary judgment. In response, LSC asserted the affirmative defense of the statute of
limitations. We note that LSC did not move for summary judgment. The district court
granted the State's motion for summary judgment.



DISCUSSION


 The parties agree that the suit was filed after the running of the three-year
statute of limitation. See Tex. Tax Code Ann. § 111.202 (1982). However, they disagree as
to a surety's application of the statute against the State. In a summary judgment case, the
court must decide whether a disputed material fact issue precludes summary judgment, with
every reasonable inference and doubt resolved in the nonmovant's favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-549 (Tex. 1985). Since we find that the
surety is able to successfully assert the statute of limitations defense against the State, a fact
issue exists as to the State's claim being barred by the statute of limitations. Therefore, we
conclude that summary judgment is improper in this case.

 It is well settled that the surety is bound by the obligation of the principal, and
"such liability depends on the principal's liability." Wright Way Constr. Co. v. Harlingen Mall
Co., 799 S.W.2d 415, 426 (Tex. App. 1990, writ denied). Therefore, LSC's liability will depend
upon the taxpayer's liability. If the State lost its right to assert its claim against the taxpayer after
the lapse of three years from the final deficiency determination, then the surety's liability was also
barred by the running of the statute.

 The Texas Supreme Court dealt with a similar case in Hatcher v. State, 81 S.W.2d
499 (Tex. 1939). In that case, the State brought suit against the surety of the state treasurer for
the treasurer's failure to perform his duties properly. The court found that the action was not
based on the bond itself because the bond was "simply a collateral security for performing the
officer's duty, and, when suit is barred for breach of his duty, action is also barred on the bond." 
Id. at 502 (quoting Phillips v. Hail, 118 S.W. 190, 191 (Tex. Civ. App. 1909, no writ)). This
type of fidelity bond bears a striking resemblance to tax bonds: both are statutorily mandated
bonds which provide collateral security for breaches of statutorily defined duties.

 We therefore conclude that the bonds are simply collateral security and incidental
to the taxpayer's statutory obligation. Although the bonds state that the surety will pay all taxes
with penalties and interest, this statement lacks complete meaning without the statutory definitions
and computations of taxes. Therefore, the bond does not properly "state the conditions of
recovery" and is merely incidental to the taxpayer's duty to the State. 

 In this case, to allow recovery on the bond itself would effectively repeal 
§ 111.202. If the State were able to initiate suit for taxes against the surety after the three-year
limitation of § 111.202, the taxpayer would ultimately lose the statutory protection of this
legislation because of the surety's contractual right to recover on the bond itself. "[I]f the surety
pays the debt which is at the time barred by limitation as against the principal, but is a valid
obligation against the surety, such surety may recover against the principal." Willis v. Chowning,
40 S.W. 395, 396 (Tex. 1897). The three-year limitation granted by the legislature would be
extended indefinitely since the State could delay for more than three years before filing suit for
the taxes against the sureties of these required bonds. The sureties would then pursue the
principal taxpayer, rendering the statute ineffective. The principal would, in effect, be forced to
defend a suit for these taxes more than three years after the final deficiency determination, which
clearly violates the legislature's language in § 111.202. Also, the surety itself would have no way
of determining when its liability on these bonds expires.

 The tax bonds for gasoline and diesel fuel at issue are statutorily mandated. See
Tex. Tax Code Ann. §§ 153.116, 153.218 (1982). The statute of limitation raised in LSC's
affirmative defense is part of the same statutory scheme as the foregoing sections. See Tex. Tax
Code Ann. § 111.202 (1982). Texas courts have incorporated terms of a statute into the bond
which the statute requires. See Sheldon Pollack Corp. v. Pioneer Concrete of Texas, 765 S.W.2d
843, 846 (Tex. App. 1989, writ denied); Grimes v. Bosque County, 240 S.W.2d 511, 516 (Tex.
Civ. App. 1951, writ ref'd n.r.e.). Because the suretyship was created to comply with part of a
statutory scheme, it therefore makes sense to apply the other parts of the scheme in a conflict over
the bond. Thus, if the three-year statute of limitation is established, it should apply to the surety
as well as the principal. LSC has provided summary judgment proof that the State's suit was filed
after the running of the statute; therefore, a material issue of fact does exist which precludes
granting of the State's motion for summary judgment.

 We conclude that a fact issue remains as to whether the State's suit for taxes was
time barred. Accordingly, summary judgment is not appropriate here. Since this issue is
dispositive of the case, we do not discuss appellant's other points of error.

 We therefore reverse the trial court's judgment and remand for further proceedings.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reversed and Remanded

Filed: March 4, 1992

[Publish]