**In re OLES GRAIN COMPANY, Debtor.**

**UNITED STATES of America, for the Use and Benefit of David OLES, Oles Grain Company, and Its Creditors, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant/Third–Party Plaintiff,**

v.

**Robert H. TOLAR, Joseph Wielebinski, Russell Munsch, and Munsch, Hardt, Kopf, Harr & Dinan, Third–Party Defendants.**

Bankruptcy No. 385–32758–HCA–11.
Adversary No. 394–3806.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 21, 1997.

Brian W. Erikson, R. Scott Luttrull, Quilling, Selander, Cummiskey, Clutts & Lownds, P.C., Dallas, TX, for Safeco Insurance Company of America.

Joe W. Hayes, Templeton, Smithee, Hayes & Fields, Amarillo, TX, for Oles Grain Company.

David Oles, Amarillo, TX, Michael W. Anglin, Fulbright & Jaworski, L.L.P., Dallas, TX, for Joseph Wielebinski, Russell Munsch, and Munsch Hardt Kopf Harr & Dinan.

Robert H. Tolar, Hutchinson, KS, Trustee.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court for hearing on the 3rd day of October 1996, the Motion for Summary Judgment ("Motion"), filed by Safeco Insurance Company on August 16, 1996; and the Response to the Motion ("Response"), filed by Oles Grain Company and David Oles on behalf of the United States of America. After the hearing, the parties requested by agreed motion that they be allowed to file supplemental briefs. This motion was granted by the Court, and all parties had filed their supplemental briefs by November 19, 1996.

This Memorandum Opinion constitutes the ruling of the Court on the Motion for Summary Judgment, and shall constitute findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (0).

### I. Background Facts

The parties have agreed to most of the following facts for the purpose of this summary judgment motion. On June 4, 1985, RepublicBank Dallas, N.A., Collingswood Grain Company, and Thomas J. Griffith, Trustee for Hipp, Inc. ("Petitioning Creditors"), filed an involuntary petition against Debtor, Oles Grain Company ("Oles Grain"). On motion of the Petitioning Creditors, Robert H. Tolar ("Tolar") was appointed as Monitor of the Debtor's estate.

On July 10, 1985, the involuntary petition was converted to a voluntary proceeding under Chapter 11 of the United States Bankruptcy Code. At the time the case was converted to a voluntary proceeding, Tolar was appointed Trustee of the estate pursuant to 11 U.S.C. § 1104, and his bond amount was fixed at $250,000.00. On October 24, 1985, Safeco issued a $250,000.00 bond ("Bond") naming Tolar as principal, and the United States of America as obligee. Tolar retained the law firm of Munsch Hardt Kopf

Harr & Dinan, P.C. ("Munsch Hardt") to assist him in administration of the bankruptcy estate.

The current adversary proceeding was filed by Oles Grain and David Oles ("Plaintiffs"), on behalf of the United States of America, on December 8, 1994. The Plaintiffs have brought claims against Safeco for Tolar's failure to: (1) pursue claims against Lawrence Systems, Inc. of Massachusetts ("Lawrence Systems"); (2) preserve the claims of Oles Grain in Adversary No. 386–3076; and (3) pursue Oles Grain's claims for pre-paid rents against Hipp, Inc.

### A. Lawrence Systems

The Plaintiffs pled in their First Amended Complaint ("Complaint") that on June 4, 1985, Lawrence Systems owed Oles Grain $567,047.17 for grain discounts and accrued storage charges; $950,000.00 for handling and storage charges; and $30,000.00 for the purchase of soybeans and barley. It is undisputed that the Plaintiffs knew of these debts owed by Lawrence Systems to Oles Grain, and that the Plaintiffs knew that Lawrence Systems was covered by a warehouseman's bond issued by the Insurance Company of North America ("INA") and/or a Lloyds of London ("Lloyds") liability policy, as early as June 4, 1985.

The Plaintiffs have pled in their Complaint that neither Tolar nor his counsel, Munsch Hardt, ever pursued possible claims of Oles Grain against Lawrence Systems, INA, or Lloyds. The Plaintiffs have also pled that Tolar negligently retained Munsch Hardt as his attorneys, because Munsch Hardt had previously represented INA in several matters and was not a disinterested party. The Plaintiffs stated that it was this lack of disinterestedness which caused Munsch Hardt to advise Tolar not to pursue the INA bond.

It is undisputed that David Oles ("Oles") informed Tolar of the claims of Oles Grain against Lawrence Systems and the coverages under the insurance policies by October 26, 1986. Therefore, assuming a four-year statute of limitations for contract actions, the limitations period for Tolar or Munsch Hardt to pursue claims against Lawrence Systems INA, or Lloyds had expired by October 26, 1990.[1]

### B. Adversary No. 386–3076

On January 21, 1986, Tolar, as Trustee of the Oles Grain Bankruptcy Estate, filed Adversary No. 386–3076 ("Adversary"). This Adversary was a turnover action pursuant to 11 U.S.C. § 542, which was filed in an attempt to collect accounts receivable owing to the Oles Grain Bankruptcy Estate from Shultz Cattle Company ("Shultz"), Carter–Kirchoff Feed Stores, Inc. ("Carter–Kirchoff") and Figure One Ranch and Feed Lot ("Figure One"). The following agreements were reached by the parties in this adversary:

(1) On August 11, 1986, Tolar stipulated to a judgment in the Adversary, whereby Shultz paid Tolar the sum of $15,000.00 and was to sign a promissory note in the amount of $60,000.00. The promissory note was payable in equal installments of $5,000.00, beginning on September 25, 1986, and bearing interest at the rate of eight percent (8%) per year.

(2) Tolar entered into an agreed order and a supplemental agreed order with Carter–Kirchoff, wherein Carter–Kirchoff was to pay the balance of the Oles Grain Estate's claim against it by November 8, 1986.

(3) On June 13, 1986, Tolar entered into an agreed order in the Adversary requiring Figure One to pay $18,912.00 plus interest at the rate of eleven and one-half percent (11.5%) per year in equal monthly installments of $3,257.73 beginning on June 15, 1986.

In their Complaint, the Plaintiffs have pled that Tolar was negligent in regard to this Adversary, because he: (1) failed to obtain the note from Shultz, memorialize the stipulation by written order, or otherwise pursue the amount owed by Shultz; (2) never received the balance from Carter–Kirchoff; and (3) never received the payments from Figure One under the agreed order.

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986).

RepublicBank—Dallas ("RepublicBank") held a first lien on all of Oles Grain's accounts receivable prior to Tolar filing the Adversary. On August 6, 1986, RepublicBank filed a Motion to Compel Trustee to Abandon Accounts Receivable. This motion was filed at about the same time that the agreements were entered into between Tolar and the various other parties to the Adversary. In its motion, RepublicBank asserted that because of its prior perfected lien on all accounts receivable and the proceeds from the accounts receivable, RepublicBank was entitled to all of the accounts receivable and the proceeds from the accounts receivable of Oles Grain.

On February 26, 1988, the Court entered an Order Abandoning Accounts Receivable, which abandoned all of the Oles Grain Estate's interest in its remaining accounts receivable, including proceeds from the accounts receivable that Tolar and Munsch Hardt had previously recovered in the Adversary, to RepublicBank. The Plaintiffs were sent notice of this order when it was entered on February 26, 1988.

### C. Hipp, Inc.

In March 1987, Tolar, as trustee of the Oles Grain Bankruptcy Estate, was in possession of a note that was executed by Hipp, Inc. ("Hipp"), on October 1, 1973, and was payable to John Hancock Mutual Life Insurance Company in the amount of $2,000,000.00 ("Hancock Note"). The Hancock Note was given as security for a nonrecourse note of Phoenix Grain, Inc. ("Phoenix Grain") in the amount of $372,000.00 payable to Oles Grain. The Hancock Note was secured by a lien on four grain elevators owned by Hipp. The Amarillo bankruptcy court[2] found that the Hancock Note and lien were merged and extinguished when Oles Grain purchased them from John Hancock Mutual Life Insurance Company in May, 1984.[3] The consideration paid for the Hancock note by Oles Grain was converted into "prepaid rents" to be applied toward the lease of Hipp's grain

elevators under a separate lease agreement between Oles Grain and Hipp.[4] In their Complaint, the Plaintiffs pled that Tolar was negligent in failing to attempt to regain possession of the grain elevators or to demand return of the pre-paid rents from Hipp after the opinion was issued by the Amarillo bankruptcy court. However, in July of 1987, the trustee for Hipp and Tolar reached a settlement, which was later approved by both the Dallas and Amarillo bankruptcy courts, in which they settled all claims existing between the two bankruptcy estates. This Court's order approving the compromise was entered on October 12, 1987. The Plaintiffs were sent notice of the order upon entry and were sent a supplemental notice of the order on November 4, 1987. David Oles appealed this order to the District Court for the Northern District of Texas. This appeal was dismissed for want of prosecution on January 15, 1988.

### II. Issue

At the hearing on October 3, 1996, the parties argued the Motion, and the Court took the matter under advisement for the purpose of deciding whether the Plaintiffs' claims are barred by limitations or whether 11 U.S.C. § 322(d) extends the applicable state statute of limitations by two years past the date that the trustee is discharged for any action on a trustee's bond. Only if the Court finds that the actions brought forth by the Plaintiffs are not time barred, can the Court then decide the other issues presented by the parties.

### III. Analysis

#### A. Summary Judgment

The Defendant, Safeco Insurance Company of America ("Safeco"), has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the basis that the Plaintiff's claims are barred by applicable statutes of limitations. Rule 56 is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.

---

**2.** This case was originally filed in the United States Bankruptcy Court for the Northern District of Texas—Amarillo Division.

**3.** See *Hipp, Inc. v. Lawrence Sys., Inc. of Mass. (In re Hipp, Inc.),* 71 B.R. 643 (N.D.Tex.1987).

**4.** *Id.*

Under Rule 56, summary judgment is proper if the matters presented to the Court show that there is no genuine issue of material fact and the movants are entitled to a judgment as a matter of law.[5] In making its determination, the Court must draw inferences from the underlying facts in a light most favorable to the non-movant.[6] The initial burden of proof that there are no genuine issues of material fact is on the movants, but once the movants have met their initial burden, the non-movant must set forth specific facts showing that there is a genuine issue for trial.[7]

## B. Statute of Limitations

■ Safeco has asserted that each and every one of Oles Grain Company's claims are barred by the applicable state statutes of limitations. In their reply Oles Grain and David Oles have asserted that the statute of limitations for proceedings on a trustee's bond for any state law cause of action against a trustee starts to run on the date that the trustee is discharged and continues for two years after the Trustee is discharged pursuant to 11 U.S.C. § 322(d).

Section 322(d) provides:

(d) A proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was discharged.[8]

The Plaintiffs have asserted that Tolar was negligent for failing to pursue and preserve various claims of the estate. Under Texas law, the statute of limitations for negligence is two years.[9] Therefore, claims which are not brought within a two-year period from the date the cause of action accrues, are barred as a matter of law.[10] Texas courts have held that accrual occurs at the time of the injury or of the negligence.[11] In some cases, where professional persons are involved or where the injury is not easily discoverable, Texas courts have applied the discovery rule.[12] The discovery rule provides that the limitations period begins to run when the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the injury.[13] In either case, the Court finds that it has been over two years since the Plaintiffs' actions against the trustee for negligence have accrued, and these actions are therefore barred as a matter of law under the two-year statute of limitations in Texas for negligence.[14]

Oles Grain and David Oles read 11 U.S.C. § 322(d) to provide an additional statute of limitations, or grace period, separate and in excess of the underlying state statutes of limitations for each claim. Thus, they would make § 322(d), in and of itself, a type of federal statute of limitations for the underlying state causes of action if they are directed against a trustee's bonding company. As authority for this proposition, they cite *Lopez–Stubbe v. Rodriguez–Estrada (In re San Juan Hotel Corp.)*, 847 F.2d 931 (1st Cir. 1988) and *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875 (9th Cir. BAP 1995).[15]

---

**5.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Washington v. Armstrong World Industries, Inc.,* 839 F.2d 1121, 1122 (5th Cir.1988).

**6.** *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**7.** *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**8.** 11 U.S.C. § 322(d).

**9.** Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986 & Supp.1996).

**10.** *Id.*

**11.** *Timberlake v. A.H. Robins Co.,* 727 F.2d 1363, 1364 (5th Cir.1984) (applying Texas law); *Carrell*

*v. Denton,* 138 Tex. 145, 157 S.W.2d 878 (1942) (accrual begins at time of negligence).

**12.** The Texas Supreme Court adopted the discovery rule in certain contexts in *Gaddis v. Smith,* 417 S.W.2d 577, 580–81 (Tex.1967).

**13.** *Id.*

**14.** Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986 & Supp.1996).

**15.** The Plaintiffs also cite *Sassower v. General Ins. Co. Of America,* 962 F.2d 15, 1992 WL 98812 (9th Cir.1992), for this proposition. *Sassower* was not designated for publication by the Ninth Circuit. The decision is referenced in the Federal Reporter in a "Table of Decisions Without Reported Opinions," and its WESTLAW® location carries the following caption:

## Lopez–Stubbe v. Rodriguez–Estrada

The *Lopez–Stubbe* case involved a debtor's proceeding against a trustee who did not post a bond and delayed in turning over the books and records of the debtor. The panel said that even if Puerto Rico's one-year statute of limitations for tort actions applied, the available time for filing a complaint against the trustee could not have begun to run until after the debtor had reason to know of the injury which was the basis of the action.[16]

The panel found that the trustee delayed in turning over the books and records of the debtor, and when they were turned over, they were incomplete and in such disarray that it took almost six months to organize and determine what was missing. Because of the state of the records at the time they were turned over to the debtor, the panel found that the limitations period for the underlying causes of action against the trustee did not begin running until six months after the date the books and records were turned over by the trustee.[17]

Later in the opinion, the panel addressed the issue of whether a suit against a trustee can be time-barred before the trustee has presented a final accounting and is discharged.[18] Since part of the argument made by the debtor was based on the language in section 322(d), the panel addressed this section and said:

> [Section 322(d) of the Bankruptcy Code] provides that 'a proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was discharged.' Lopez contends that we should apply this provision directly to Rodriguez in order that Rodriguez not benefit from the fact that he failed to post bond. Rodriguez, on the other hand, distinguishes section 322(d) on the ground that it applies only to actions against the insurance company acting as surety, not to actions against the trustee personally. We can see merit in the arguments of both sides, but we do not feel compelled to reach the issue of whether section 322(d) applies to trustees at this time. Rather, we think it is sufficient to note that section 322(d), like the provisions cited above, focuses on discharge as the point at which the period of limitations begins to run. Having never been discharged, Rodriguez's financial accountability as a trustee cannot have ceased.[19]

The Plaintiffs have latched on to the language in this paragraph for the proposition that the panel found that § 322(d) allows an additional statute of limitations in excess of the underlying state law statute upon which the cause of action is based for suits on a

NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be. cited except when relevant under the doctrines of law of the case, *res judicata*, or collateral estoppel.

The Plaintiffs did not state in their brief and did not inform the Court as to which of the three doctrines they felt might be applicable in this situation. Regardless, the Ninth Circuit's unreported decision did not address the issue before this Court. In their opinion, the panel addressed a situation where the suit against the trustee was filed over two years after the trustee was discharged and found that an action against a trustee's bonding company was barred. The question of whether the state statute of limitations had run or whether an additional federal statute of limitations was created by § 322(d) was not before the panel.

In another unpublished and non-precedential case, but one in which this exact issue was discussed, *Buckman v. American Casualty Co. of Reading, Pennsylvania (In re Tri–State Hoists, Inc.)*, 1991 WL 193733 (Bankr.E.D.Pa.), the bankruptcy court addressed a situation where the underlying statute of limitations had run on an action against a trustee and the plaintiff wanted to proceed against the trustee's bond. The court said:

> We agree with the Defendant that 11 U.S.C. § 322(d), which provides a limitations period of two years after the trustee's discharge for any action on the trustee's bond, does not reawaken a suit on the Trustee's bond when limitations on the underlying cause of action had already run prior to the Trustee's discharge. Rather, this section merely appears to create an additional period of limitations, which supplements any other applicable limitations period, as to actions on the trustee's bond. *Id.* at 6.

**16.** *Lopez–Stubbe v. Rodriguez–Estrada (In re San Juan Hotel Corp.)*, 847 F.2d. 931, 938–939 (1st Cir.1988).

**17.** *Id.* at 939.

**18.** *Id.* at 939–940.

**19.** *Id.*

trustee's bond. This language was dictum, as clearly stated by the panel when they said, "we do not feel compelled to reach the issue of whether § 322(d) applies to trustees at this time."[20] Further, this language does not support the Plaintiffs' position. Section 322(d) does focus on the trustee's discharge as the time at which the two-year limit for suits on a trustee's bond begins to run, but its language neither creates a tolling of the state law statute of limitations period, nor does it create a federal statute of limitations that supplants the state statute for an underlying state law cause of action.

### Kashani v. Fulton

In *Kashani*, the panel considered whether it was an abuse of discretion for the bankruptcy judge to order that the debtors must file a complaint against the trustee before the case was closed or their relief would be denied.[21] The panel said:

> The Debtors should be able to file the proposed complaint, or the detailed motion, at any time, so long as the action is commenced against the Trustee within the period of the applicable statute of limitations. When the bankruptcy judge determined that the Debtors had to file their complaint before the case was closed and did no further analysis, the judge effectively shortened the applicable statute of limitations for the Debtors to commence an action based on the alleged wrongful acts attributed to the Trustee. For instance, 11 U.S.C. § 322(d) states that a proceeding on a trustee's bond may be commenced for up to two years after the trustee is discharged.[22]

Again, the language cited by the Plaintiffs from the Ninth Circuit Bankruptcy Appellate Panel is dictum. Further, it is hard to understand what the Plaintiffs are trying to

establish when they cite both of these cases in their pleadings because, although they mention § 322(d), they do not address the issue before the Court—whether 11 U.S.C. § 322(d) extends the applicable state statute of limitations by two years past the date that the trustee is discharged for any action on a trustee's bond? For the answer to this question, the Court must look to the statute itself.

### 11 U.S.C. § 322(d)

After a careful reading of 11 U.S.C. § 322(d), the Court believes the language in the statute to be unambiguous. The Supreme Court in *United States v. Ron Pair*, said that where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"[23] From its terms, § 322(d) creates a separate period of limitations for suits on a trustee's bond which limits the liability of the sureties with whom the trustee is insured to a discernible period of time, regardless of the additional time allowed under state law. This period of limitations supplements, but does not supplant the underlying state statutes of limitations. In other words, it does not reawaken a suit on a trustee's bond when limitations on the underlying state cause of action against the trustee has already run. The statute clearly states a limitation on the commencement of a suit against a trustee's bond and nothing more.[24]

This reading of the statute follows the principle that the liability of a surety is derivative in nature, and depends on the principal's liability.[25] Since the present action against the bonding company is filed on the basis of the trustee's negligence, then the bonding company should have the benefit of the statute of limitations for that cause of action.[26] If the statute of limitations has run

---

20. *Id.*

21. *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 888 (9th Cir. BAP 1995).

22. *Id.*

23. *United States v. Ron Pair Enterprises, Inc. (In re Ron Pair Enterprises, Inc.)*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

24. 11 U.S.C. § 322(d).

25. *Wright Way Constr. v. Harlingen Mall Co.*, 799 S.W.2d 415, 426 (Tex.App.—Corpus Christi 1990, writ denied).

26. The issue of whether a surety can have the benefit of limitations running against the principal is not new to the courts in Texas. *See Lawyers Surety Corp. v. State*, 825 S.W.2d 802 (Tex. App.—Austin, no writ); *Hatcher v. State*, 81

against the trustee, then the statute also acts as a bar for suits against the trustee's bonding company.[27]

## IV. Conclusion

As a matter of law, based on the foregoing analysis, this Court can find no support for the argument that 11 U.S.C. § 322(d) extends the statute of limitations on an underlying state law cause of action asserted against a trustee's bond by two years past the date that a trustee is discharged. Therefore, based on the facts as pled, the statute of limitations for negligence has run on each and every cause of action pled by the Plaintiffs against Tolar, even assuming that Texas courts would apply the discovery rule in this case.

Further, the Plaintiff's claims against Tolar for preserving the claims of Oles Grain in Adversary No. 386–3076 and pursuing Oles Grain's claims for pre-paid rents against Hipp appear to be totally without merit on the basis of the orders entered by this court abandoning accounts receivable and approving a settlement between Tolar and Hipp. Therefore, the Court finds that the Motion for Summary Judgment should be granted.

A separate order will be entered consistent with this decision.

S.W.2d 499 (Tex.1935); *Phillips v. Hail,* 118 S.W. 190 (Tex.Civ.App.1909, no writ).

**27.** *Lawyers Surety Corp. v. State,* 825 S.W.2d 802, 803 (Tex.App.—Austin, no writ) (where an action is based on a breach of a principal's duty and not on the bond itself, if the suit is barred for the breach of the duty of the principal, then the action is also barred on the bond itself).