# United States to use *v.* Mercantile Trust Company of Pittsburg, Appellant.

*Statute of limitations—Bond—Release of surety.*

A surety on a bond under seal is not released from liability on the bond, because the statute of limitations has run against the debt for which the bond was given as security.

*Bond—Corporation—Seal.*

A bond signed in the name of a corporation by the vice-president, with the corporate seal affixed, attested by the secretary, is a sealed instrument, and it is immaterial that the seal is not opposite the vice-president's signature.

Argued Oct. 27, 1905. Appeal, No. 193, Oct. T., 1905, by defendant, from order of C. P. No. 1, Allegheny Co., Oct. T., 1905, No. 535, making absolute rule for judgment for want of a sufficient affidavit of defense in case of United States of America for the use of Frank A. Bailey and Richard Jones, partners as Wilson Bailey & Company, now for the use of Frank Shannon v. The Mercantile Trust Company of Pittsburg. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense. The bond in suit concluded as follows:

" In witness whereof, the parties hereto have executed this instrument this 20th day of April, 1897, the name and corporate seal of said surety being hereto affixed and these presents duly signed by its vice-president, pursuant to a resolution of its board of directors, passed on the 24th day of February, 1897, a copy of the record which is on file in the War Department.

" In presence of:

" J. F. CASEY, as to E. J. HULINGS.      [Seal]
" JOHN COSTELLO, as to H. B. HULINGS.      [Seal]
Attest:    " EDWIN LEWIS PORTER, Secretary.    [Seal]
" THE MERCANTILE TRUST COMPANY,
" By CHARLES HOLMES, Vice-President."

The defendant filed an affidavit of defense which was in part as follows:

This defendant is advised and therefore avers that the bond given was given to secure the payment of the debts of Hulings Brothers, and that this defendant is only liable for such debts as could be collected from Hulings Brothers.

Defendant avers, and cites plaintiff's statement of claim to substantiate the same, that the claim in this case is for goods sold and delivered more than six years before the beginning of this action, to wit: between the dates of January 2, 1897, and November 13, 1897, this suit having been brought July 29, 1905, a period of seven years, eight months and sixteen days from the time when the last item was furnished in said account.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Homer L. Castle*, of *Stone & Stone*, for appellant, cited: Meade v. McDowell, 5 Binney, 195; Shimer v. Jones, 47 Pa. 268; Campbell v. Sherman, 151 Pa. 70; Searight's Estate, 163 Pa. 210; Martin v. Frantz, 127 Pa. 389.

*David S. McCann*, with him *J. L. Ritchey*, for appellee, cited: Presbyterian Church v. Conlin, 11 Pa. Superior Ct. 413; Mundorff v. Singer, 5 Watts, 172; Kindt's App., 102 Pa. 441; Lord v. Ocean Bank, 20 Pa. 384; United States v. Simpson, 3 P. &. W. 437; Winton v. Little, 94 Pa. 64; Searight's Estate, 163 Pa. 210; Campbell v. Sherman, 151 Pa. 70.

PER CURIAM, January 2, 1906:

As the principals, the contractors, signed the contract under seal, it is difficult to perceive the basis of the averment in the affidavit of defense, " that this defendant is only liable for such debts as could be collected from " the contractors. While it may be that the use plaintiff was too late to recover on his book account against the contractors, yet it is very clear that he could recover against them on this bond.

But independent of that the bond in suit is security for the debt to the use plaintiff, and like any other collateral is not

released until the debt has been paid, though the right of action on the debt itself may be barred by the statute of limitations. After its limit has expired its own statute may of course be pleaded, but in the meantime the principal's discharge is not available as a defense : Winton v. Little, 94 Pa. 64.

The bond is clearly intended as a sealed instrument by the appellant. It is signed in the name of the corporation by the vice-president, and the corporate seal is affixed, attested by the secretary. This is a very common, if not the usual, method of execution of sealed instruments by corporations. The fact that the seal is not opposite the president's signature does not affect the plain intent of the instrument.

Judgment affirmed.