**NATIONWIDE INSURANCE CO., Carolyn M. Kondash and Robert A. Kondash, Plaintiffs,**

v.

**AGWAY INSURANCE COMPANY, Defendant.**

**No. 4:CV–93–1152.**

United States District Court, M.D. Pennsylvania.

Feb. 15, 1994.

Patrick E. Dougherty, Dougherty, Levanthal & Price, Kingston, PA, for plaintiffs.

Marianne J. Gilmartin, Lenahan & Dempsey, Scranton, PA, for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On July 29, 1993, plaintiffs Nationwide Insurance Co. ("Nationwide"), Carolyn M. Kondash and Robert A. Kondash (collectively, "the Kondashes") initiated this action against defendant Agway Insurance Co. ("defendant" or "Agway"), seeking a declaratory judgment and damages due under a policy of insurance issued by defendant to Charles S. Lilley, Jr. ("Lilley," also referring to the estate of Charles S. Lilley, Jr., deceased). Plaintiffs allege that defendant acted in bad faith toward its insured in failing to defend and indemnify the insured for claims raised by plaintiffs.

Before the court is defendant's motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(1), (6), and (7).

### STANDARD OF REVIEW:

#### 1. Lack of Subject Matter Jurisdiction

A complaint must be dismissed under Fed. R.Civ.P. 12(b)(1) if the court lacks jurisdiction over the subject matter. Subject matter jurisdiction is the "[p]ower of a particular court to hear the type of case that is then before it," Black's Law Dictionary 854 (6th

ed. 1990), as distinguished from *in personam* and *in rem* jurisdiction.

Subject to certain congressional restrictions, the subject matter of a federal district court may extend

to all Cases, in law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State; [1]—**between Citizens of different States**;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2, cl. 1 (emphasis added). Federal district courts have jurisdiction over suits between citizens of different states when the amount in controversy exceeds $50,000.00. 28 U.S.C. § 1332(a). Diversity must be complete, i.e. no plaintiff may be a resident of the same state as any defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

A complaint should not be dismissed for lack of jurisdiction if it reveals any grounds for assertion of jurisdiction. *Doran v. Lee*, 287 F.Supp. 807, 813 (W.D.Pa. 1968). It is improper to dismiss a claim under Rule 12(b)(1) merely because the theories of recovery alleged probably are false. *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir.1989) (citation omitted).

#### 2. Dismissal for Failure to State a Claim

A motion to dismiss under Fed. R.Civ.P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850–51, 48 L.Ed.2d 338

---

**1.** *But see* U.S. Const. amend. XI.

(1976). "It is the settled rule that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Leone v. Aetna Cas. & Sur. Co.,* 599 F.2d 566, 567 (3rd Cir.1979) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The complaint must be read in a light most favorable to the plaintiff with every doubt resolved in plaintiff's favor. *In Re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 422 (E.D.Pa.1981).

### 3. Failure to Join a Party under Rule 19

Under Fed.R.Civ.P. 12(b)(7), dismissal of a claim or complaint is warranted when the plaintiff fails to join a party who is indispensable as defined under Fed.R.Civ.P. 19. If a party falls into either of the two categories set forth in Rule 19(a), "the court must determine under Rule 19(b) whether 'in equity and good conscience' the action should proceed without the absent party or whether the absent party is indispensable and the action should be dismissed . . ." *Steel Valley Authority v. Union Switch & Signal Division,* 809 F.2d 1006, 1013 (3d Cir.1987), *cert. dismissed sub nom. American Standard, Inc. v. Steel Valley Authority,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

### STATEMENT OF FACTS:

According to the complaint, Charles S. Lilley, Jr., and Carolyn M. Kondash were involved in an automobile accident in Tunkhannock Township, Wyoming County, Pennsylvania, on November 6, 1986. In a civil action filed in the Court of Common Pleas of Wyoming County (docketed to No. 74 of 1988), Lilley's lawyer withdrew his appearance and no defense was offered. On July 27, 1992, a jury returned a verdict in favor of the Kondashes in the amount of $1,200,000.00. After delay damages were granted, a judgment was entered in favor of the Kondashes in the amount of $1,763,430.00.

At the time of the accident, Lilley was the holder of an automobile insurance policy issued by defendant. Lilley died on April 20, 1993. Lilley, then a resident of Wyalusing, Pennsylvania, is alleged to have been insolvent. A writ of execution against Lilley was returned, marked "Not Found."

For its part, defendant has refused to pay any part of the judgment. Nationwide has paid $325,000.00 in benefits to its insureds, the Kondashes. In Count I of the complaint, Nationwide seeks a declaratory judgment that Lilley was Agway's insured, that Agway was obligated to appear and defend the Wyoming County action, and that Agway is liable to Nationwide for the benefits paid to the Kondashes. Nationwide also seeks a judgment for damages in that amount. In Count II of the complaint, the Kondashes seek a similar declaratory judgment, with the amount of liability claimed to be the amount of the judgment in Wyoming County less the benefits paid by Nationwide. Damages in the same amount are also claimed.

For purposes of this motion to dismiss, factual allegations raised by defendant, such as the reason for the failure to appear and defend the Wyoming County action, are not properly before the court.

### DISCUSSION:

■ Defendant first argues that the complaint filed by plaintiffs states a claim for breach of contract and that plaintiffs have no standing to bring the action, since neither privity, subrogation, nor assignment of the cause of action was pleaded. Actually, Pennsylvania law authorizes a direct action against a liability insurer by a person injured by an insured when the insured is bankrupt or insolvent. 40 Pa.Stat.Ann. § 117. That section reads:

No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power and for which loss or damage the person insured in liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insur-

ance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, for the amount of the judgment in the said action, not exceeding the amount of the policy.[2]

■ In order to recover under this section, a plaintiff must show: (1) that a person is liable to plaintiff for an injury or property loss or damage; (2) that the injury, loss or damage was caused by animals or by a vehicle drawn, propelled or operated by "motive power"; (3) that the defendant is a liability insurance carrier for the liable person; (4) that the loss occurred during the life of the policy issued by the defendant; (5) that a judgment has been returned against the liable person; and (6) that execution against the liable person is returned unsatisfied because of the insolvency or bankruptcy of the liable party. The plaintiff may recover an amount not exceeding the policy limit.

■ The complaint in the instant case alleges each element of this cause of action:

(1) a verdict was returned against Lilley in favor of the Kondashes;

(2) the injuries resulted from the automobile accident of November 6, 1986;

(3) defendant was Lilley's automobile insurance carrier;

(4) the policy issued by defendant was in effect on the date of the accident;

(5) a final judgment against Lilley was filed; and

(6) the writ of execution was returned due to Lilley's insolvency.

Plaintiffs clearly have stated a claim upon which relief can be granted, thus satisfying Rule 12(b)(6).

■ As to defendant's contention that the complaint should be dismissed pursuant to Rule 12(b)(1), the statute allowing declaratory judgment actions reads in part as follows:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The court has jurisdiction under 28 U.S.C. § 1332(a)(1): according to the complaint, Nationwide is an Ohio corporation with a principal place of business in Pennsylvania; the Kondashes live in Montana; Agway is a New York corporation with a principal place of business in New York; and the amount in controversy exceeds $50,-000.00. In addition to the discretionary jurisdiction over the declaratory judgment claims, the court has mandatory jurisdiction over the claims for damages under § 117 because of diversity of citizenship.

■ Defendant also argues that the "real party in interest," Fed.R.Civ.P. 17(a), is Lilley. By its very nature, § 117 allows a direct action by a party injured by the insured, belying this contention. Any benefits due under the policy would be payable to plaintiffs. The only "interest" on the part of Lilley would have been in litigating the underlying action in the Court of Common Pleas or in seeking indemnification to protect his own assets. The Common Pleas action already has been litigated (at least to the point of the entry of a final judgment), and an insolvent would have no interest in protecting non-existent assets. The real parties in interest are plaintiffs.

■ Next, defendant argues that the complaint should be dismissed for failure to

---

**2.** The record does not contain a recitation of the requisite language in the applicable policy issued by Agway. The court assumes that the Agway

policy complies with Pennsylvania law, and contains the clause mandated by § 117.

join a necessary and indispensable party, Lilley, under Fed.R.Civ.P. 19, which reads in part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

Rule 19(a).

Lilley has no interest in the subject of this action. Any benefits due under the policy would be payable to plaintiffs. His own assets are immune from execution, since he is insolvent. Therefore, once he was found liable, he had no interest in the amount to be paid under the policy to plaintiffs.

Defendant also argues that the court should abstain from hearing this case because an adequate remedy is available in already-instituted state court proceedings. Obviously, § 117 allows a direct action against a liability insurer because an adequate remedy is *not* available in the underlying action due to the tortfeasor's insolvency.

Finally, as to defendant's argument that plaintiffs do not have a cause of action for Agway's alleged bad faith conduct toward its insured, the statute that created a cause of action for bad faith "[i]n an action arising under an insurance policy," 42 Pa.Cons.Stat. Ann. § 8371, does not, by its terms, limit recovery for an insurer's bad faith to an insured. However, we have previously held that § 8371 does not apply in the context of motor vehicle liability insurance benefits, when damages for the alleged bad faith con-

duct are provided for in the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat.Ann. §§ 1701 et seq. *Riddell v. State Farm Fire and Casualty Co.,* No. 1:CV–91–1461, 1992 WL 209971 (M.D.Pa. July 9, 1992).

It is not made clear in the applicable statutory scheme whether § 8371 should apply. The Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat.Ann. §§ 1701 et seq., provides remedies for bad faith which may be enforced only by the insured, *see* 75 Pa.Cons.Stat.Ann. §§ 1716, 1797(b), 1798(b), but does not prohibit specifically recovery by a third party under a separate statute. Because of the focus on whether plaintiffs may maintain a direct action against Agway, this issue has not been briefed adequately. For purposes of the motion to dismiss, we assume that a party injured by an insured may bring a claim for bad faith on the part of the insured toward its insurer under § 8371. Agway may raise and address the issue at length in a future motion for judgment on the pleadings or for summary judgment.

### CONCLUSION:

The court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1332, 2201. Plaintiffs have stated a claim upon which relief can be granted under 40 Pa.Stat.Ann. § 117. Charles S. Lilley, Jr., is not a necessary or indispensable party to this action. Defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), (6), and (7) will be denied.