**SPRINGFIELD OIL SERVICES, INC.**

v.

**James COSTELLO.**

**Civil Action No. 95–8071.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

Oct. 8, 1996.

As Amended Nov. 4, 1996.

**46**

Rachell Sirota, New York City, Lawrence S. Sarowitz, Philadelphia, PA, for plaintiff.

Bernard J. McLafferty, Philadelphia, PA, for defendant.

1. The Court holds that either a six- or four-year statute of limitations is applicable, and thus

### ORDER

DuBOIS, District Judge.

**AND NOW,** to wit, this 8th day of October, 1996, upon consideration of Defendant's Motion to Dismiss Complaint (Document No. 3), Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint (Document No. 6), and Defendant's Rebuttal Brief in Support of Motion to Dismiss Complaint (Document No. 10), **IT IS ORDERED** that Defendant's Motion to Dismiss Complaint is **DENIED.**

Defendant's Motion to Dismiss Complaint will be denied for the following reasons:

1. On December 29, 1995, Springfield Oil Services, Inc., a New York corporation with its principal place of business in New York state; brought suit against defendant, James Costello, a resident of Pennsylvania, for failure to make payments on each of three "Subscription Notes" ("Notes") that he executed and delivered on December 20, 1982, to Martin Associates ("Martin"), a Texas limited partnership. Martin assigned the Notes to plaintiff in December 1989;

2. The Notes required defendant to pay $25,000 on each of three dates—December 31, 1992, December 31, 1993, and December 31, 1994. Plaintiff alleges that after it made a written demand for payment on November 30, 1995, defendant refused to pay. Plaintiff further alleges that the amount due under the Notes is $103,662.94, including interest, attorneys' fees, and an adjustment reflecting $502.74 due defendant from drilling production revenue under the Partnership Agreement between defendant and Martin;

3. Defendant moves to dismiss plaintiff's Complaint alleging that claims regarding all three Notes are barred by Pennsylvania's one-year statute of limitations, 42 Pa.C.S.A. § 5523(2) (Supp.1996). This statute provides that an "action upon a bond given as security by a party in any matter, except a bond given by a condemnor in an eminent domain proceeding," must be commenced within one-year. *Id.* Defendant asserts that plaintiff's causes of actions on all three Notes accrued on December 31, 1992, and were barred when plaintiff filed the Complaint in this case on December 29, 1995; [1]

plaintiff's causes of action on each Note are timely even if they all accrued on December 31,

4. Plaintiff contends that the Notes are negotiable instruments and are governed by Pennsylvania's six-year statute of limitations, as provided in 13 Pa.C.S.A. § 3118(a) (Supp. 1996), which allows that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if the date is accelerated, within six years after the accelerated due date." *Id.* According to plaintiff, this specific provision supersedes any otherwise applicable statute of limitations. *See* 42 Pa.C.S.A. § 5501(b) (1981) (stating that provisions of Title 13 shall control over any provision of Title 42 with which it conflicts). Plaintiff claims, in the alternative, that if the Notes are not negotiable instruments, they are subject to Pennsylvania's four-year statute of limitations, which applies to actions "upon a negotiable or non-negotiable bond, note or other instrument in writing." 42 Pa.C.S.A. § 5525(7) (Supp.1996);

5. In evaluating a motion to dismiss the court accepts the veracity of the plaintiff's allegations and will not dismiss the complaint unless the plaintiff clearly will not be able to prove any set of facts in support of its claim which would entitle it to relief. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In addition to looking to the complaint, the court may also look to exhibits attached to the complaint. *See In re Westinghouse Securities Litigation*, 90 F.3d 696, 707 (3d Cir.1996);

6. Because this is a diversity action, the court will apply the choice of law rules of Pennsylvania, the state in which this Court sits. *Klaxon Co. v. Stentor Elec. Mfg.*

*Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). "Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them." *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3rd Cir.1994) (citations omitted). In the instant case, the parties provided in the Partnership Agreement that Texas substantive law applies. *See* ¶ 11.4 ("This Agreement, the application or interpretation hereof and the liability of the parties hereto shall be governed exclusively by the laws of the State of Texas.").[2] Because Texas law provides that the law of the forum state controls as to procedural matters, including statute of limitations, *State of California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 230–231, *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958); *Hollander v. Capon*, 853 S.W.2d 723, 727 (Tex.Ct.App.1993), this Court applies the substantive law of Texas and the statutes of limitations of Pennsylvania;[3]

7. Because plaintiff brought this action on December 29, 1995, within three years of December 31, 1992, the date defendant defaulted on the first Note, its claims upon all three Notes will not be barred if either the six- or four-year statute of limitations applies;

8. The six-year statute of limitations, provided in 13 Pa.C.S.A. § 3118(a) and applicable to negotiable instruments, governs this action because the Notes are negotiable instruments. A "negotiable instrument" is

an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

---

essentially identical and that the Court's determination would be the same under either.

1992. Therefore, it need not address the question whether the second and third causes of action accrued on December 31, 1992.

2. Although the choice of law provision is in ¶ 11.4 of the Partnership Agreement and not in the separate Subscription Notes, the Agreement implicitly incorporates these Notes by providing procedures for execution of, and for default on, the Notes. *See* Partnership Agreement, ¶¶ 1.6.30 & 2.4.3. Nevertheless, this Court notes that, with respect to the issues before it, the substantive statutory laws of Pennsylvania and Texas are

3. In applying Pennsylvania statutes of limitations this Court is directed to apply any statute of limitations provided by the law of the state in which the claim accrued which is shorter than Pennsylvania's governing rule. *See* 42 Pa.C.S.A. § 5521(b) (1981). This rule is inapplicable in this case as Texas provides for the same four- and six-year statutes of limitations as Pennsylvania.

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instructions by the person promising or ordering payment to do any act in addition to the payment of money. . . .

Tex.Bus. & C.Code Ann. § 3.104 (Supp.1996); *see also* 13 Pa.C.S.A. § 3104 (Supp.1996) (providing the same definition);

9. The Court rejects defendant's arguments that the Notes are not unconditional and thus are non-negotiable instruments, *see* Tex.Bus. & C.Code Ann. § 3.106 (Supp.1996) (delineating when a promise is not unconditional), and therefore holds that Pennsylvania's six-year statute of limitations applies and that plaintiff's action on all three notes is timely. First, the Note does not set forth an express condition in providing that the "Note shall secure the payment of a portion of the subscription of an interest in the Partnership"; rather, it recites only an implied condition which does not render it non-negotiable. *See Springfield Oil Services v. Wayne C. Jaeschke*, No. 95 Civ. 8074, slip op. at 4 (E.D.Pa. Aug. 6, 1996) (determining that Notes, identical in all relevant aspects to those at issue in the case at bar, were negotiable under either Pennsylvania or Oklahoma law, both of which mirror Texas' commercial code law); *see also* Tex.Bus. & C.Code Ann. § 3.106 cmt. 1 (distinguishing between express and implied conditions). Second, defendant's promise to pay under the Notes is not governed by another writing, which would make the Notes non-negotiable. Rather, the reference to the Partnership Agreement in the Notes simply dictates the proper procedure for foreclosing the lien on defendant's interest in the partnership. *Springfield Oil*, slip op. at 5; Tex.Bus. & C.Code Ann. § 3.106(b) (stating that a promise is not conditional by reference to another writing for a statement of rights with respect to collateral). Third, defendant's obligation to pay a sum certain under the Notes is ascertainable without reference to the Part-

nership Agreement. Defendant claims that the Notes are non-negotiable because the amount due under the terms of the Notes was lessened after considering drilling revenues due him under the Partnership Agreement. That such revenues can be subtracted from the total amount due under the Notes does not alter the simple fact that the Notes state a sum certain;

■ 10. Even if the Notes were not negotiable instruments, the applicable statute of limitations would be four years, as provided in 42 Pa.C.S.A. § 5525(7), rather than one year, as provided in 42 Pa.C.S.A. § 5523(2). Section 5525(7) applies to actions "upon a negotiable or non-negotiable bond, note or other instrument in writing." 42 Pa.C.S.A. § 5525(7). Thus, in the alternative, because the four-year statute of limitations under section 5525(7) applies to non-negotiable notes, plaintiff's action on all three Notes is timely;

■ 11. The legislative history of the one-year statute of limitations provided by 42 Pa.C.S.A. § 5523(2) establishes that it applies to bonds filed with courts of the Commonwealth of Pennsylvania, was not intended to apply to private commercial debts, and is not the applicable statute of limitations for the situation at bar.[4] Section 5523(2) derives from statutes of limitations concerning actions on bonds filed with the court by plaintiffs seeking provisional remedies. *See* Official Source Note to 42 Pa.C.S.A. § 5523(3) (1981) (explaining the derivation of section at issue, which was introduced by the Act of July 9, 1976 (P.L. 586, No. 142), and renumbered as § 5523(2) in 1982). Specifically, those statutes of limitations required actions upon bonds given to the court as security by plaintiffs seeking attachment or replevin to be commenced by defendants within one year. *See* 12 P.S. §§ 49, 50 (1936 compact ed.) (concerning attachment) (codifying Act of June 8, 1897 (P.L. 136), §§ 1, 2); *id.* § 1844 (concerning replevin) (codifying Act of April 19, 1901 (P.L. 88), § 10). Furthermore, the summary note on the Judiciary Act of 1976 prepared by the Pennsylvania Bar Association's Special Committee on the Judicial Code, which drafted recommenda-

---

4. This is an issue of first impression. No reported decision has previously applied 42 Pa.C.S.A. § 5523(2).

tions considered by the Pennsylvania General Assembly in enacting that Act, supports the conclusion that section 5523(2), which was introduced by that Act, applies to bonds filed in court proceedings. The Special Committee explained that section 5523 is the "residual statute for actions on replevin, costs, injunction and other bonds in court proceedings." Pennsylvania Bar Association Judicial Code Explanation, "Legislative Bulletin," (Special Issue) reprinted in 42 Pa.C.S.A. §§ 101–1700, at xi–xxxii, xvi (1981). Moreover, the exception in section 5523(2) to the one-year limitation on commencing certain actions further supports this Court's holding that the legislature intended that this section apply only to bonds in court proceedings. That exception excuses condemnees from commencing within one year actions on bonds given by condemnors to the court in eminent domain proceedings. *See* 42 Pa. C.S.A. § 5523(2); *see also* Eminent Domain Code, Act of June 22, 1964, P.L. 84, art IV, § 2, 26 P.S. § 1–403(a) (requiring that "every condemnor shall give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the Commonwealth of Pennsylvania for the use of the owner or owners of the property interests condemned, the condition of which shall be that the condemnor pay such damages as shall be determined by law").